UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS THOMPSON,

       Plaintiff,                          Case No. 2:15-cv-12801
                                                   Judge Matthew F. Leitman
v.                                               Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS AMENDED AT THE NOVEMBER 28, 2016 HEARING (DE 13) and GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 14)

**I.**     **RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment as amended at the November 28, 2016 hearing (DE 13), **GRANT** Defendant's motion for summary judgment (DE 14), and **AFFIRM** the Commissioner's decision.

**II.**     **REPORT**

      Plaintiff, Dennis Thompson, brings this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance (DI) and supplemental security income (SSI) benefits. This matter is before the

1

United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (DE 13), the Commissioner's cross motion for summary judgment (DE 14), and the administrative record (DE 11).

### A. Background

Plaintiff filed his applications for DI and SSI benefits on September 14, 2012, alleging that he has been disabled since April 1, 2004, at age 43. (R. at 186-189, 190-195.) Plaintiff alleges disability as a result of depression, anxiety, a bad back, alcoholism and lung damage. (R. at 209.) Plaintiff's applications were denied during November or December 2012. (R. at 83-98.)

On February 11, 2013, Plaintiff sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). (R. at 103-107.) ALJ Kevin Detherage held a hearing on January 9, 2014, at which Plaintiff was represented by counsel and Vocational Expert (VE) Zachary Matthews testified. (R. at 7-50.) On February 28, 2014, ALJ Detherage determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 55-76.)

Plaintiff requested review of the hearing decision. (R. at 52.) On June 9, 2015, the Appeals Council denied Plaintiff's request for review. (R. at 1-6.) Thus, ALJ Detherage's decision became the Commissioner's final decision.

Plaintiff then timely commenced the instant action on August 9, 2015. (DE 1.)

### B.     Plaintiff's Medical History

Plaintiff alleges in the field office disability report that he has been disabled since April 1, 2004. (R. at 204-206; *see also* R. at 242-243.) His medical records span the period from April 10, 2004 to October 3, 2013. (R. at 274-613 [Exhibits C1F-C16F].) Of particular importance to the instant appeal are the June 1, 2011 consultative examination (CE) report of internist R. Scott Lazzara. M D. (R. at 321-325 [Ex. C4F]) and the July 18, 2011 CE report of internist A. Neil Johnson, M.D. (R. at 332-336 [Ex. C5F]). Plaintiff's medical records will be discussed in further detail as necessary below.

### C.     Hearing Testimony

As noted above, ALJ Kevin Detherage conducted a hearing on January 9, 2014, at which Plaintiff was represented by counsel and VE Matthews testified. (*See* R. at 7-50.) However, the instant appeal does not involve a challenge to the ALJ's credibility determination, and Plaintiff withdrew his challenge to the fairness of the hearing by expressly withdrawing that appellate issue during oral argument before this Court. Therefore, I will forego further summary of the administrative hearing for the time being and only mention it as necessary below.

### D.     The Administrative Decision[1]

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §404.1520(a)(4); see also 20 C.F.R. § 416.920. Although a dispositive finding at any step terminates

3

ALJ Detherage rendered his decision on February 28, 2014. (R. at 55-76.) At **Step 1**, he determined that Plaintiff has not engaged in substantial gainful activity since June 15, 2010, the amended alleged onset date. (R. at 60.) At **Step 2**, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease (DDD), left knee collateral ligament tear, chronic obstructive pulmonary disease (COPD), an affective disorder, an anxiety disorder, and a substance abuse disorder. (R. at 60.) At **Step 3**, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. at 61-63.) At **Step 4**, the ALJ determined that Plaintiff had the RFC to:

> . . . perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can perform work that is simple, routine, and

---

the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity (RFC), can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

4

> repetitive in a work environment that is free of fast paced production requirements and involves only simple work related decisions and routine workplace changes. He can occasionally stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. He should avoid concentrated exposure to dust, fumes, gases, odors, and poorly ventilated areas.

(R. at 63-69.) The ALJ further found that Plaintiff is unable to perform any past relevant work. (R. at 69.) At **Step 5**, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. at 70.)

### E.     Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir.

1994)). In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

>    **F.    Substantial evidence supports the ALJ's determination that Plaintiff's RFC includes the lifting limitations of light work.**

Although each of the parties had already briefed their respective arguments, the Court conducted a hearing on November 28, 2016 for the purpose of clarifying the issue(s) Plaintiff intends to appeal. During that hearing, Plaintiff's counsel withdrew all of the issues and arguments contained in Plaintiff's brief except one – a contention that the ALJ erred in his determination that Plaintiff was capable of performing the exertional limitations of light work. (*See* DE 13 at 12-13.) Specifically, as amended at the November 28, 2016 hearing, Plaintiff argues that "[t]here is not a scintilla of evidence to support [the] RFC assessment that Mr. Thompson would be capable of work at the light exertional level[,]" namely, "work that requires lifting up to 20 pounds . . . on a *sustained* basis." (DE 13 at 13 (emphasis added).)

Plaintiff's RFC is "the most [he or she] can still do despite the physical and mental limitations resulting from [his or] her impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of Plaintiff's RFC is an issue reserved to the Commissioner and must be supported by substantial evidence. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). "'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings[.]'" *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)).

7

The Social Security Rulings provide specific direction for assessing RFC in initial claims. (SSR 96-8P (S.S.A. July 2, 1996).) SSR 96-8p explains that, "[o]rdinarily, RFC is an assessment of an individual's ability to do *sustained* work-related physical and mental activities in a work setting on a regular and continuing basis." (*Id*. (emphasis added).) It further explains that "[a] 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id*. Moreover, "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id*.

As noted above, the ALJ determined that Plaintiff had the RFC to perform the exertional limitations of light work. (R. at 63.)[2] As defined by the regulations,

> Light work involves *lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds*. Even though the weight lifted may be very little, a job is in this category [a] when it requires a good deal of walking or standing, or [b] when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

(20 C.F.R. §§ 404.1567(b), 416.967(b) (emphasis added).)

---

[2] By way of background, *exertional limitations* include lifting, carrying, standing, walking, sitting, pushing and pulling. *See* 20 C.F.R. §§ 404.1545(b), 416.945(b).

8

In this case, substantial evidence supports the ALJ's decision that Plaintiff was capable of performing the lifting limitations of light work. First, on the subject of lifting, the ALJ expressly acknowledged: **(1)** Plaintiff's October 21, 2012 representation that his illnesses, injuries, or conditions affect, among other things, his ability to lift (R. at 64, 232); **(2)** Plaintiff's January 9, 2014 testimony that he could not lift 12 pounds (R. at 24-25, 64); **(3)** Dr. Lazzara's June 1, 2011 notation that Plaintiff "is able to lift about *25 pounds*[,]" (R. at 65, 321 [Ex. C4F] (emphasis added)); and **(4)** Dr. Johnson's July 2011 notation that Plaintiff "can lift 15 pounds[,]" (R. at 68, 336 [Ex. C5F]).[3] Plaintiff's self-reports and testimony were found by the ALJ to be lacking in credibility, however, and any challenge to that finding was expressly withdrawn at the hearing before this Court. (*See* R. at 65, 68)

Second, the ALJ generally asserted that "[t]he assessed [RFC] is *consistent* with the medical evidence of record." (R. at 64 (emphasis added).) In so doing, the ALJ compared Dr. Lazzara's June 2011 and Dr. Johnson's July 2011 medical evaluations, which, notably, occurred just one month apart. (*See* R. at 64, 66, 321-325, 332-337).[4] Thereafter, the ALJ noted:

---

[3] In what appears to be the oral history of this CE, Plaintiff "state[d] he can lift about 10-15 pounds." (R. at 332.)

[4] For example, the ALJ expressly compared Dr. Johnson's July 2011 notation that Plaintiff "had mild difficulty getting on and off the examination table, moderate

9

- "Dr. Lazzara's observations are consistent with the claimant's general presentation during physical examinations. For example, the record consistently notes that the claimant had a normal gait, sensation, strength, and gait with at least adequate range of motion of the cervical spine (C3F/3 [R. at 313], C4F/4 [R. at 324][,] C6F/3 [R. at 342], C9F/3 [R. at 367], Cl2F/28 [R. at 427], Cl2F/35 [R. at 434], Cl5F/3 [R. at 525], Cl6F/l4 [R. at 551], and Cl6F/28 [R. at 565])."

- The ALJ found Dr. Lazzara's notation that Plaintiff "is able to lift about 25 pounds[,]" (R. at 321) consistent with "the medical evidence of record, including objective examination findings and diagnostic testing[,]" and, therefore, "restricted the claimant to light work."

- The ALJ found that Dr. Johnson's July 18, 2011 opinion (*see* R. at 332-336), to the extent it was an assessment of Plaintiff's RFC as opposed to a reiteration of his capabilities as reported at the CE, "is not consistent with or well supported by the medical evidence of record, including examination findings, diagnostic testing, and the longitudinal treatment record[.]"

(R. at 66, 65, 68.)[5] Relatedly - even though Plaintiff withdrew his challenge to the walking requirements of the RFC - the ALJ made express observation of Plaintiff's abilities with relation to orthopedic maneuvers and heel and toe walking. For example, the ALJ acknowledged Dr. Lazzara's June 1, 2011 notations about

---

difficulty heel & toe walking, severe difficulty squatting . . . and severe difficulty hopping[,]" with Dr. Lazzara's June 2011 notation that Plaintiff "had no difficulty getting on and off the examination table, no difficulty heel and toe walking, no difficulty squatting and no difficulty hopping[.]" (R. at 64, R. at C5F2 (R. at 333), C4F2 (R. at 322).)

[5] It is worth noting that, at the November 28, 2016 hearing, Plaintiff did not challenge the accuracy of the ALJ's citations to the record, even in response to specific references to them made by the Commissioner's counsel as substantial evidence supporting the RFC finding. (*See*, *e.g.*, R. at 427, 434, 551 and 565.)

10

not finding "any significant orthopedic or neurological disease" and that Plaintiff "had no difficulty doing orthopedic maneuvers[.]" (R. at 64, 66, 68, 325).

During oral argument, Plaintiff's counsel asked the Court to consider that any report Plaintiff gave to Dr. Lazzara on June 1, 2011 about an ability to lift approximately 25 pounds was not sworn. (*See* R. at 321.) Instead, considering the ALJ's discounting of Plaintiff's credibility (*see* R. at 65, 68), Plaintiff asks the Court to focus on the consistency between Dr. Johnson's July 18, 2011 notation that Plaintiff can lift 15 pounds (R. at 332, 336) and Plaintiff's January 9, 2014 sworn testimony that he could not lift 12 pounds (R. at 24-25).

However, these arguments do not support remand. To begin, the ALJ is permitted to find Plaintiff only partially credible, so long as that finding is supported by substantial evidence. *See Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 445 (6th Cir. 2011) ("the ALJ justified its partial adverse credibility finding on several factors[.]"), *Meece v. Barnhart*, 192 F. App'x 456, 467 (6th Cir. 2006) ("the ALJ's finding that Plaintiff was only partially credible with respect to his complaint of disabling pain was not supported by substantial evidence.").

More importantly, given that Plaintiff here is not challenging the ALJ's credibility determination, Plaintiff's argument asks the Court to, in essence, *reweigh* the evidence. This, the Court cannot do. "Our task is not to reweigh the evidence. That is solely the province of the Secretary." *Mullins v. Sec'y of Health*

11

*& Human Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) (citing *Wokojance v. Weinberger*, 513 F.2d 210 (6th Cir. 1975)); *see also Haun v. Comm'r of Soc. Sec.*, 107 F. App'x 462, 465 (6th Cir. 2004) ("We may not reweigh conflicting evidence on appeal, but instead must affirm Judge Davis's decision because substantial evidence supports it."). The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence, deciding questions of credibility, or substituting the court's judgment for that of the ALJ. *See Ulman v. Commissioner,* 693 F.3d 709, 713 (6th Cir.2012); *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir.2007). In other words, "[i]f the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citing *Longworth v. Comm'r of Soc. Sec.,* 402 F.3d 591, 595 (6th Cir.2005)).

  For these reasons, the argument that there is "not a scintilla of evidence" to support the ALJ's finding that Plaintiff is capable of work at the light exertional level on a sustained basis – specifically the 20 pound lifting requirement (*see* DE 13 at 13) - is not well taken. The Court should conclude that the ALJ's determination that Plaintiff has the RFC to perform the lifting requirements of light work – he is able to lift no more than 20 pounds at a time and frequently lift or

carry objects weighing up to 10 pounds - is indeed supported by substantial evidence, even if there was conflicting evidence on this point.

### G. Conclusion

Substantial evidence supports the ALJ's determination that Plaintiff's RFC includes the lifting limitations of light work. Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment as amended at the November 28, 2016 hearing (DE 13), **GRANT** Defendant's motion for summary judgment (DE 14), and **AFFIRM** the Commissioner of Social Security's decision.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

13

*Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: December 5, 2016
s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on December 5, 2016, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti

14